UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTURO PERALES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KILOLO KIJAKZI, Commissioner of Social Security<br><br>　　　　　Defendant. | Case No. 2:21-cv-00055-DAD-JDP (SS)<br><br>FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BE GRANTED AND THE COMMISSIONER'S CROSS-MOTION FOR SUMMARY JUDGMENT BE DENIED<br><br>ECF Nos. 21 & 23 |

Plaintiff challenges the final decision of the Commissioner of Social Security ("Commissioner") denying his application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. Both parties have moved for summary judgment.[1] ECF Nos. 21 & 23. For the reasons discussed below, I recommend that plaintiff's motion for summary judgment be granted, the Commissioner's be denied, and the matter be remanded for further proceedings.

**Standard of Review**

An Administrative Law Judge's ("ALJ") decision denying an application for disability benefits will be upheld if it is supported by substantial evidence in the record and if the correct legal standards were applied. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir.

---

[1] The Commissioner filed a pleading styled as an opposition to plaintiff's opening brief, ECF No. 23, which I construe as a cross-motion for summary judgment.

2006). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). However, the court will not affirm on grounds upon which the ALJ did not rely. *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("We are constrained to review the reasons the ALJ asserts.").

A five-step sequential evaluation process is used in assessing eligibility for Social Security disability benefits. Under this process the ALJ is required to determine: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a medical impairment (or combination of impairments) that qualifies as severe; (3) whether any of the claimant's impairments meet or medically equal the severity of one of the impairments in 20 C.F.R., Pt. 404, Subpt. P, App. 1; (4) whether the claimant can perform past relevant work; and (5) whether the claimant can perform other specified types of work. *See Barnes v. Berryhill*, 895 F.3d 702, 704 n.3 (9th Cir. 2018). The claimant bears the burden of proof for the first four steps of the inquiry, while the Commissioner bears the burden at the final step. *Bustamante v. Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001).

**Background**

Plaintiff filed an application for SSI, alleging disability beginning July 26, 2018. Administrative Record ("AR") 222-30. After his application was denied initially and upon reconsideration, plaintiff appeared and testified at a hearing before an ALJ. AR 63-87, 150-54, 158-63. On July 29, 2020, the ALJ issued a decision finding that plaintiff was not disabled. AR 15-27. Specifically, the ALJ found that:

> 1. The claimant has not engaged in substantial gainful activity since July 26, 2018, the application date.

2. The claimant has the following severe impairments: cerebral trauma with residual left hemiparesis, glaucoma, and organic mental disorder.

\* \* \*

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

\* \* \*

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except limited to occasional left, non-dominant upper extremity overhead reaching; all other reaching with the left non-dominant upper extremity is frequent; frequent handling and fingering with left upper extremity; occasional climbing of ramps and stairs; no climbing of ladders, ropes, or scaffolds; occasional balancing, stooping, kneeling, crouching, or crawling; unable to read very small print, but can read ordinary newspaper or book print, and is able to read a computer screen; no working around unprotected heights; must avoid concentrated exposure to moving mechanical parts; no commercial driving; can understand, remember, and carry out simple, routine repetitive tasks; and use judgment limited to making simple workplace decisions.

\* \* \*

5. The claimant has no past relevant work.

\* \* \*

6. The claimant was born [in] 1988 and was 30 years old, which is defined as a younger individual age 18-49, on the date the application was filed.

7. The claimant has at least a high school education.

8. Transferability of job skills is not an issue because the claimant does not have past relevant work.

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

\* \* \*

> 10. The claimant has not been under a disability, as defined in the
>     Social Security Act, since July 26, 2018, the date the application
>     was filed.

AR 18-27 (citations to the code of regulations omitted).

Plaintiff requested review by the Appeals Council, which denied the request. AR 1-6, 219-21. He now seeks judicial review under 42 U.S.C. §§ 405(g), 1383(c)(3).

**Analysis**

Plaintiff advances three primary arguments. First, he argues that the ALJ improperly adopted several findings from a prior adverse decision despite evidence of changed circumstances. ECF No. 21 at 27. Second, he argues that the ALJ wrongly discounted his subjective statements. *Id.* at 34. Third, he contends that the ALJ erred in rejecting his treating psychiatrist's opinion. *Id.* at 42. I agree that the ALJ committed reversable error by applying a presumption of non-disability and adopting the findings from an earlier adverse decision. Because the error requires that this case be remanded for further administrative proceedings, I decline to address plaintiff's remaining arguments.[2]

Under *Chavez*, a prior determination that a claimant is not disabled creates a presumption that his ability to work continues after that determination. *See Chavez v. Bowen*, 844 F.2d 691, 693 (9th Cir. 1988). However, a plaintiff can rebut that presumption by showing that there are "changed circumstances." *Lester v. Chater*, 81 F.3d 821, 827 (9th Cir. 1995) (quoting *Taylor v. Heckler*, 765 F.2d 872, 875 (9th Cir. 1985)). Changed circumstances can include an increase in the severity of an impairment, "a change in the claimant's age category," or "the alleged existence of an impairment(s) not previously considered." Acquiescence Ruling 97-4(9), 1997 WL 742758, at \*3 (S.S.A. Dec. 3, 1997); *see Lester*, 81 F.3d at 827. An ALJ's improper reliance on the *Chavez* presumption is legal error warranting remand. *See Vasquez v. Astrue*, 572 F.3d 586, 598 (9th Cir. 2009).

---

[2] Plaintiff's two other arguments bear some relevance to his first argument and so are addressed in that context.

In his recent decision, the ALJ noted that plaintiff had previously filed applications for SSI and disability insurance benefits, and that the final decision on those applications determined that plaintiff was not disabled as of November 1, 2017.[3]  AR 15.  The ALJ also determined that "[a]lthough there is new evidence rebutting the presumption of continued non-disability, the evidence does not demonstrate changed circumstances relating to [the] prior findings . . . .  Thus, [the] findings [from the prior decision] are adopted, as discussed, below."  AR 16.

Plaintiff argues that the ALJ incorrectly concluded that the evidence submitted in connection with his recent application failed to establish "changed circumstances."  Specifically, he contends that the record shows an increase in the severity of his mental impairments.

In his 2017 decision, the ALJ found at step three that plaintiff was disabled from March 1, 2006 through July 31, 2014, stemming from a 2006 vehicle accident that caused "severe . . . cerebral trauma with residual left hemiparesis, glaucoma and organic mental disorder."  AR 18.  He concluded, however, that plaintiff experienced "medical improvement with regard to the brain injury symptoms" as of August 1, 2014, and that he therefore no longer met a listing as of that date.  AR 99-100.  The ALJ then determined that, since August 1, 2014, plaintiff had the following residual functional capacity ("RFC"):

> to perform light work as defined in 20 CFR 416.967(b) except limited to occasional left, non-dominant upper extremity overhead reaching; all other reaching with the left non-dominant upper extremity is frequent; frequent handling and fingering with left upper extremity; occasional climbing of ramps and stairs; no climbing of ladders, ropes, or scaffolds; occasional balancing, stooping, kneeling, crouching, or crawling; unable to read very small print, but can read ordinary newspaper or book print, and is able to read a computer screen; no working around unprotected heights; must avoid concentrated exposure to moving mechanical parts; no commercial driving; can understand, remember, and carry out simple, routine repetitive tasks; and use judgment limited to making simple workplace decisions.

AR 100-01.

In reaching that finding, the ALJ relied on a December 18, 2014 evaluation conducted by examining psychologist Dr. David Richwerger.  AR 102, 348-55.  In his report, Dr. Richwerger

---

[3] The ALJ who issued the July 29, 2020 decision also issued the earlier adverse decision. AR 15-27, 93-105.

5

noted that plaintiff complained of difficulty concentrating but denied receiving psychiatric treatment or being admitted to a psychiatric hospital.  AR 349.  Based on his evaluation, Dr. Richwerger opined that plaintiff was moderately impaired in his ability to perform detailed tasks but had no more than mild limitations in all other functional areas.  AR 354-55.

In his recent decision, the ALJ determined that there was "no evidence of changed circumstances," and therefore, under *Chavez*, that it was appropriate to adopt the prior decision's RFC finding.  AR 21.  As argued by plaintiff, the evidence of record demonstrates a worsening in his mental impairments since the date of the prior decision.

Between May 2019 and September 2019, plaintiff received crisis intervention services for suicidal and homicidal ideations.  AR 556-83.  The medical screening forms from these episodes consistently note suicidal ideations and "diagnostic impression[s]" of "major depressive disorder"; in some instances, the notes indicate the appearance of worsening mental conditions, such as that plaintiff exhibited "tangential [and] helpless [thought content, with] some paranoid and delusional thinking," and a "mood/affect" that was "elevated, agitated, [and] tearful at times."  AR 556-83, 574.  On September 10, 2019, plaintiff presented to crisis intervention clinicians as "disheveled, malodorous, guarded, anxious, depressed, irritable and agitated with flat affect," and claimed that he was "fearful of the things he would do to [him]self or others."  AR 556-57.  As a result, he was found to meet the criteria for an involuntary hold and was admitted into a crisis stabilization unit for thirty-two hours.  AR 555 & 549.  A follow-up assessment on October 4, 2019, noted current suicidal ideation and diagnoses of "F43.20 Adjustment Disorder, F32.9 Major Depressive Disorder single episode unspecified, and F33.9 Major Depressive Disorder recurrent unspecified."  AR 549-54.  The assessment also indicated that he experienced "substantial impairment in community functioning" with respect to his living arrangement, family and social relationships, daily activities, health, finances, and ability to engage in work, school, or other meaningful activities.  AR 554.

Plaintiff also received treatment at "Community Medical Centers" on September 6 and November 5, 2019.  AR 510 & 502.  A September 6 treatment note indicates that he received a score of 24 on the "Patient Health Questionnaire (PHQ-9)," indicating "severe depression."

AR 510.  In January 2020, he began treatment with a psychiatrist Thomas Firnberg, MD, who diagnosed him with post-traumatic stress disorder and identified "major problems concentrating or performing the simplest of tasks," as well as "severe anxiety," "depression," and "insomnia." AR 545.  In February 2020, Dr. Firnberg completed a "Mental Residual Functional Capacity Questionnaire" and concluded that plaintiff's "severe depression, anxiety, insomnia, irritability, poor concentration, [and] anger episodes . . . preclude effective work."  AR 472.  He stated that he was "guardedly optimistic" about plaintiff's treatment and recommended "temporary total disability" at least until October 2020.  AR 472.  At a follow-up appointment in March 2020, Dr. Firnberg started plaintiff on Lexapro and noted that "once depression and anxiety are well-controlled, [he] might consider addition of med for ADHD, such as bupropion or Concerta."  AR 541-42.  Contrary to the ALJ's conclusion, this evidence demonstrates "changed circumstances" with respect to plaintiff's mental impairments.  *See, e.g.*, *Schneider v. Comm'r of Soc. Sec. Admin.*, 223 F.3d 968, 974 (9th Cir. 2000) (finding that a plaintiff "presented sufficient proof of 'changed circumstances' to overcome the presumption that she is not disabled" where her psychiatrist found that her mood had worsened from "mildly effectually blunted" to "markedly effectually blunted" and her psychological test scores had dropped from 70 to 60).

       The Commissioner does not dispute that the record establishes changed circumstances sufficient to rebut the presumption of continuing disability.  Instead, he argues that the ALJ found that the presumption had been rebutted but concluded that the evidence established the same functional limitations as those assessed in the earlier decision.  ECF No. 23 at 5 ("Thus, taken in context, the ALJ found that new evidence revealed changed circumstances that were sufficient to rebut the presumption of continuing nondisability, but such evidence was insufficient for purposes of deviating from the prior RFC.").  *Id.*  However, the Commissioner's position is impossible to reconcile with the ALJ's unequivocal statements demonstrating that he applied a presumption of continuing disability.  *See, e.g.*, AR 16 ("The undersigned finds that *Chavez* applies [to] the claimant's current Title XVI claim."); 21 ("Pursuant to Chavez, the undersigned adopts the undersigned's prior findings."); AR 23 ("Thus, while the claimant had treatment during the unadjudicated period, it does not support a change in circumstances.").

Finally, the Commissioner argues that any error in applying the presumption was, at most, harmless since the ALJ reviewed the new evidence and concluded that it did not warrant limitations beyond those set forth in the earlier decision. ECF No. 23 at 7-9. The argument is unavailing considering the evidence showing a significant increase in plaintiff's mental health problems, including hospital records for an involuntary hold. And while the ALJ did summarize the new evidence, he essentially swept it aside because of a delay in seeking mental health treatment and a failure to take medications as prescribed. Those reasons do not support the ALJ's rejection of evidence showing a significant change in plaintiff's mental impairments. *See Regennitter v. Comm'r of Soc. Sec.*, 100 F.3d 1462, 1465 (9th Cir. 1996) ("[W]e have particularly criticized the use of a lack of treatment to reject mental complaints both because mental illness is notoriously underreported and because it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation.").

This case should be remanded to allow for proper consideration of the evidence of record. *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) ("A district court may reverse the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing, but the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.") (internal quotes and citations omitted).

Accordingly, it is hereby RECOMMENDED that:

1. Plaintiff's motion for summary judgment, ECF No. 21, be granted.

2. The Commissioner's cross-motion for summary judgment, ECF No. 23, be denied.

3. The matter be remanded for further proceedings.

4. The Clerk of Court be directed to enter judgment in plaintiff's favor.

I submit these findings and recommendations to the district judge under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 14 days of the service of the findings and recommendations, any party may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the findings

1 | and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:   September 13, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE